## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brandon Rice,**
**Petitioner Below, Petitioner**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0902** (Fayette County 12-C-226)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brandon Rice, *pro se*, appeals the order of the Circuit Court of Fayette County, entered July 19, 2012, denying his petition for a writ of habeas corpus. The respondent warden, by counsel Andrew D. Mendelson, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 16, 2009, petitioner and the victim, Kenneth Lee Workman, became involved in an altercation over the victim's dog. When officers arrived at the victim's residence, they found him bleeding profusely from injuries to his face and the back of his head. The victim was unable to give a detailed statement, but indicated that he was trying to prevent two individuals from abusing his dog and that those individuals beat him badly.

Petitioner stated that he was walking by the victim's house when the victim's dog came out and began biting him. According to petitioner, the person whom he was with took a second dog up the road. Petitioner stated that he then commenced trying to hurt the victim's dog because that was what he would do to his own dog if it bit him. Petitioner stated that the victim came outside and grabbed the chain and pulled his dog off. Petitioner stated that he pushed the dog toward the victim and that the victim fell backwards. Petitioner had injuries to his arms consistent with dog bites.

The victim in this case clung to life for a month, dying on September 16, 2009, in the Charleston Area Medical Center. An autopsy was performed on September 17, 2009, the day after the victim expired. A forensic specialist with the Fayette County Sheriff's Office traveled to the Office of the Chief Medical Examiner in Charleston, West Virginia, to observe the autopsy performed by forensic pathologist H. Mahmoud, M.D. "[T]he cause of death was a cerebral hemorrhage resulting from a linear skull fracture and a subdural hematoma (bruising of the

1

brain[.)]." The manner of death was classified as "homicide."

Subsequently, petitioner was indicted for murder in the second degree. According to a response to ongoing discovery, the State produced the death certificate on March 8, 2010. On April 5, 2010, petitioner entered a guilty plea to the lesser included offense of voluntary manslaughter pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

At the plea hearing, petitioner indicated that he was satisfied with his lawyers and that they explained to him the different options he had in dealing with the indictment against him. The circuit court accepted petitioner's guilty plea and adjudged him guilty of voluntary manslaughter.

At the sentencing hearing on May 28, 2010, the circuit court denied petitioner's request for probation. The circuit court sentenced petitioner to fifteen years in the state penitentiary "because of the severity of the beating and the seriousness of the crime." Among the factors the circuit court noted was that "[the victim] suffered a skull fracture, a subdural hematoma, bruising of the brain, and the coroner determined that the cause of death, the manner of death was homicide."

Petitioner filed a petition for a writ of habeas corpus on July 9, 2012. Petitioner alleged ineffective assistance of counsel and a denial of due process because there was "no factual basis" for his conviction and his guilty plea "was involuntary where [the] victim died of pre-existing head injuries and alcoholism and not from any blows inflicted by my actions." Petitioner also alleged that he did not receive a copy of the record.

On July 19, 2012, the circuit court denied the petition finding that the three grounds of relief to be without merit. First, "[t]he Court, having presided in the underlying criminal case, perceived no defects in counsel's performance which would violate the . . . standard announced in *[State v.] Miller*[, 194 W.Va. 3, 459 S.E.2d 114 (1995)]." Second, with regard to petitioner's claim that it was pre-existing injuries and alcoholism that killed the victim, the circuit court found that rather than be tried by a jury, petitioner chose instead to enter a *Kennedy* plea. Third, the circuit court found that "no . . . requests [for a copy of the record] appear in the court file in this matter or in the court file in Indictment No. 10-F-40."[1]

We review a circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[1] In his brief, petitioner indicates that he has "receiv[ed] his entire case from the Circuit Court of Fayette County, including transcripts."

2

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).[2]

On appeal, petitioner asserts that his attorneys encouraged him to plead guilty without knowing whether the victim's death was a homicide. Petitioner asserts that he is entitled to the victim's full medical records because "if the victim's death was not found to be a homicide [then] the Fayette County Circuit Court had no jurisdiction to find him guilty of voluntary manslaughter[.]" The respondent warden asserts that the appendix record shows that a factual basis existed for petitioner's guilty plea and that the victim's death was a homicide. The respondent warden cites Syllabus Point Three of *State v. Durham*, 156 W.Va. 509, 195 S.E.2d 144 (1973): "A defendant may be held criminally responsible where he inflicts upon another a wound resulting in death, even though the cause of death is related to the proper treatment of the wound or related to such treatment or effect of a preexisting physical disability of the victim."

The finding of the Chief Medical Examiner's forensic pathologist is in the record. The circuit court referenced the finding in sentencing petitioner by noting that that "[the victim] suffered a skull fracture, a subdural hematoma, bruising of the brain, *and the coroner determined that the cause of death, the manner of death was homicide*." (emphasis added). The appendix record establishes a factual basis for petitioner's guilty plea and conviction. Therefore, after careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying the petition for a writ of habeas corpus.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

---

[2] *See also* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.").

[3] In his reply brief, petitioner argues that a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), occurred when the State did not produce the autopsy report. Petitioner did not make this argument to the circuit court. Moreover, as was just explained, the finding of homicide by the forensic pathologist is in the record.